

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Shelby K. Long
County Attorney
Jefferson County
Beaumont, Texas

Overruled by 0-6765-a
in so far as it conflicts

Dear Sir:

Opinion No. 0-6765
Re: Interpretation of House Bill
642, 49th Legislature, con-
cerning fees to be charged
by the County Clerk "for
filing and registering and
entering satisfaction and
release of each chattel
mortgage."

We have received your letter of July 30, 1945, wherein you request clarification of House Bill No. 642, 49th Legislature (1945), which amends Article 3930, R. C. S., 1925.

Article 3930, R. C. S., 1925, is a statute which provides fees and the amounts thereof for Clerks of the County Courts. The particular item of the statute in question here, which was amended by House Bill 642, is as follows:

"For filing and recording each rental lien or chattel mortgage deposited . . . .25."

"For entering satisfaction of chattel mortgages . . . .25."

House Bill 642, which becomes effective September 4, 1945, amends said Article 3930 and increases the amounts of most of the fees received by the Clerks of the County Courts. Not only does this amendment increase the amount of the aforementioned two items, but it also combines them into one item reading as follows:

"For filing and registering and entering satisfaction and release of each chattel mortgage . . . .75."

The first question you propound is, "Does the amendatory bill mean that a charge of 75 cents shall be made at the time the chattel mortgage is filed and no charge shall be made for releasing same?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Shelby ?. Long - page 2


This we answer in the affirmative. The new amendment here makes provision for a fee for the filing, etc., of chattel mortgages, and, its language not being perfectly clear, it is incumbent upon us, if possible, to ascertain its meaning from its text and to construe it in the light of its setting and legislative purpose. Consequently, we believe the language therein sets up a single maximum fee of 75 cents for performance of all the services listed in this particular item, i. e., filing, registering, entering satisfaction and release, to be paid to the Clerk upon his filing the chattel mortgage; therefore, no additional charge may be made for the entering of satisfaction and release of the chattel mortgage as that service is considered included in the one initial payment of 75 cents. This construction follows in view of the fact that this amendment was passed to increase fees and the single payment of 75 cents for the services listed is an increase proportionate to the increases in the other items of the statute. The mortgagee not only files the chattel mortgage but he is also bound by statute (Art. 5495, R.C.S., 1925) to have satisfaction entered when the obligation is paid; therefore, the burden of having the Clerk perform the services listed in this item rests on one person, the mortgagee.

Fee statutes have been strictly construed by the authorities in Texas, illustrated by the language used in McCalls vs. City of Rockdale, 246 S. W. 654, 112 Tex. 209, i.e., "Courts of this state have adopted the rule construing strictly those statutes prescribing fees for public officers and against permitting such fees by implication. No officer is permitted to collect fees nor commissions unless the same are provided for and the amount thereof declared by law. This is true notwithstanding such officer may be required by law to perform specific services for which no compensation is provided."

Holding as we have, that 75 cents shall be paid upon the filing of the chattel mortgage, we proceed to your second question which asks, "should a charge of 25 cents be made for releasing the chattel mortgage filed prior to September 4, 1945?" By this question we assume that you contemplate a situation wherein a chattel mortgage has been filed under the prior statute, and a fee of 25 cents collected, and then released subsequent to September 4, 1945, under the new amendment. This we answer in the negative. If a charge of 25 cents were allowed for entering satisfaction and release of a chattel mortgage,

Honorable Shelby L. Long - page 3

after the effective date of House Bill 642, it would give effect to the old statute, specifying the amount of 25 cents, which has been repealed. Having decided thus, we are confronted with the question of what amount is to be charged, if any? There seems to be no question but that the Legislature may diminish and distribute unearned official fees as it deems just. 34 Tex. Jur., Sec. 115, (Public Officers). However, it is our opinion that the Legislature did not intend to diminish the fees of the County Clerk by implication in consolidating the services in the new amendment and by its failure to provide a separate fee for entering satisfaction and release only. On the contrary, the obvious intent of the act is to increase the various fees of the County Clerk, and we give effect to that intent as shown below. The new amendment sets up a standard of 75 cents for all the services listed in this particular item and this amount we believe to be the controlling factor under these circumstances. We quote from 34 Tex. Jur., Sec. 115 (Public Officers), as follows:

"Where the services for which compensation is allowed are not complete and payment does not become due until after a statute increasing the compensation has taken effect, the officer is entitled to compensation for the entire work at the increased rate, the compensation not being divisible, and no provision having been made to the contrary."

In the case of Freeman v. Terrell, 284 S. W. 946, wherein a tax assessor performed part of his services under one fee statute and the remainder under a new statute which increased his fees, the Supreme Court of Texas stated:

"The statute does not say he shall receive so much for part of his work and something else for other official duties. If the compensation was divisible, it would be possible to apply the 1920 fee statute to part of relator's account and the 1925 law to other portions thereof. But, since it is impossible to place a value upon his several services, it must be assumed that the Legislature in-

Honorable Shelby K. Long - page 4

tended to apply the new rate to his 1925 services as a whole . . . . If the Legislature had intended to apply one rate to a part of the account and another to the other, then it should have provided a method for doing so. It should have placed a value on each part of the work. Not having done so, we hold that there was no such intention on the part of the lawmakers."

Under this holding, it is our opinion that the Clerk may receive increased fees based on the new amendment for his entire work. As the Clerk has already received 25 cents for the initial part performance of the entire service (filing and recording), even though such service was rendered under the old statute, it is our opinion that the mortgagee should receive credit for said amount and pay the additional sum of 50 cents upon the clerk's entering satisfaction and release of the chattel mortgage, the latter sum completing the payment of 75 cents for the entire transaction as listed in the new fee statute. As we have said that the new amendment sets up a standard of 75 cents for the services listed in this item, we believe this to be a fair and reasonable interpretation of what the legislature intended thereby.

The third question you propound is, "If a chattel mortgage is filed and a fee of 75 cents is collected, and later, a transfer of the chattel mortgage is filed, could an additional fee of 75 cents be collected?" This we answer in the negative. The fee statute does not provide specifically for transfers of chattel mortgages and therefore no charge of 75 cents may be made for the filing thereof. Unless a fee is provided by law for an official service required to be performed and the amount thereof fixed by law, none can lawfully be charged therefor. Nueces County v. Currington (1942) 139 Tex. 297, 162 S. W. (2d) 687.

The fourth and last question you propound is, "If a chattel mortgage and a transfer of same in the same instrument is filed, should the proper fee to be collected be 75

Honorable Shelby K. Long - page 5


cents?"  This we answer in the affirmative and apply the same reasoning as set out under questions number one and three, supra.

We trust that this opinion satisfactorily answers your questions as stated.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Eugene Alvis_
Eugene Alvis
Assistant

By _Jack K. Ayer_
Jack K. Ayer

APPROVED AUG 31, 1945

FIRST ASSISTANT
ATTORNEY GENERAL

JKA:zd


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN